FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY PENARANDA CABANTAC, AKA Randy Reyes,<br>        *Petitioner*,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br>        *Respondent*. | Nos. 09-71336<br>   12-71459*<br><br>Agency No.<br>A045-078-802<br><br>ORDER AND<br>AMENDED<br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Petition No. 09-71336
Argued and Submitted
August 9, 2011—San Francisco, California

Filed August 23, 2012
Amended August 9, 2013

Before: Alex Kozinski, Chief Judge, Diarmuid F.
O'Scannlain, and Carlos T. Bea, Circuit Judges.

---

 * The judges unanimously find Petition No. 12-71459, which has been consolidated with Petition No. 09-71336, suitable for disposition without oral argument.

2            CABANTAC v. HOLDER

Order;
Dissent to Order by Judge Murguia;
Per Curiam Opinion

### SUMMARY**

### Immigration

The panel amended its opinion filed on August 23, 2012; denied a petition for rehearing; denied a petition for rehearing en banc on behalf of the court; and ordered that no further petitions shall be entertained.

In the amended opinion, the panel denied Randy Cabantac's petition for review from the Board of Immigration Appeals' decision finding him removable for a conviction for possession of a controlled substance, in violation of California Health & Safety Code § 11377(a). The panel held that where an abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count, the court can consider the facts alleged in the count. The panel held that the abstract of judgment and complaint together established that Cabantac pleaded guilty to possession of methamphetamine, a controlled substances offense. In the amended opinion, the panel added a statement that the amended abstract was not properly before the court because it was not part of the administrative record on which the removal order was based.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Murguia, joined by Judges Pregerson, Reinhardt, Wardlaw, W. Fletcher, Paez, Christen and Hurwitz, dissented from the denial of rehearing en banc. Judge Murguia would rehear this case en banc to resolve the conflict it creates with *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc). Judge Murguia wrote that the panel purported to define the circumstances under which facts alleged in a criminal complaint may be considered to identify the statutory phrase in an overbroad statute that was the basis for a prior conviction, a question that was resolved in *Vidal*.

**COUNSEL**

Kara L. Hartzler, Florence Immigrant and Refugee Rights Project, Florence, Arizona; Kari Elisabeth Hong, Law Offices of Kari E. Hong, Oakland, California, for Petitioner.

Linda Y. Cheng, Francis William Fraser, Gary J. Newkirk, Aaron R. Petty, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for Respondent.

**ORDER**

The opinion filed on August 23, 2012, and appearing at 693 F.3d 825, is amended as follows:

At slip opinion page 9632, 693 F.3d at 827, replace <Finally, it bears emphasizing that the amended abstract does not necessarily establish that Cabantac pleaded guilty only to the general state offense.> with <The amended abstract is not properly before this court because it was not part of the

administrative record on which the order of removal is based. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). However, it bears emphasizing that even the amended abstract does not necessarily establish that Cabantac pleaded guilty only to the general state offense. >

With this amendment, the panel has unanimously voted to deny Petitioner's petition for rehearing and petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc. A judge of the court requested a vote on en banc rehearing. A majority of the non-recused active judges did not vote in favor of rehearing en banc.

The petition for rehearing and the petition for rehearing en banc are **DENIED**. Judge Murguia's dissent from the denial of en banc rehearing is filed concurrently herewith.

**No further petitions shall be entertained.**

---

MURGUIA, Circuit Judge, with whom PREGERSON, REINHARDT, WARDLAW, W. FLETCHER, PAEZ, CHRISTEN and HURWITZ, Circuit Judges, join, dissenting from the denial of rehearing en banc:

Immigration judges are often asked to determine whether a person has been previously convicted of a crime that fits into a certain category, *e.g.*, a "controlled substance offense"

CABANTAC V. HOLDER 5

or an "aggravated felony."[1] In turn, non-citizen criminal defendants contemplating a plea offer must predict how an immigration judge could later categorize the conviction. The impact of this categorization can be profound—in this case, it determines whether a 34-year-old lawful permanent resident who has lived in the United States since he was 17 will be deported to a country in which he has no family, or whether he will remain in this country with his father. Unfortunately, we have provided incoherent guidance to the immigration judges making these important decisions and to defendants contemplating plea agreements. I would have reheard this case en banc to resolve the conflict that it creates with *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc).

This case required the immigration judge to determine whether Randy Cabantac's conviction for violating California Health & Safety Code § 11377(a) was a "controlled substance offense" that makes him removable under the Immigration and Nationality Act. *See* 8 U.S.C § 1227(a)(2)(B)(i). Section 11377(a) punishes the possession of a number of substances, some of which are prohibited by the Controlled Substances Act but some of which are not. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076–78 (9th Cir. 2007). Thus, because § 11377(a) punishes conduct that is not a "controlled substance offense" under federal law, it is a categorically overbroad statute, requiring us to apply the modified categorical approach to identify "which statutory phrase was the basis for the conviction," and determine if that statutory phrase only prohibits conduct that would be a "controlled substance offense." *Descamps v. United States*, 133 S. Ct.

---

[1] District courts are also sometimes tasked with this decision when sentencing criminal defendants.

2276, 2287 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)).**[2]**

The panel here purported to define the circumstances under which the facts alleged in a criminal complaint may be considered by a judge in identifying the statutory phrase in an overbroad statute that was the basis for a prior conviction. But we have already resolved this question. In *Vidal*, an en banc panel held, "[Vidal] pled guilty [] only to 'Count 1 10851(a) VC Driving a Stolen Vehicle.' The plea does not, therefore, establish that Vidal admitted to all, or any, of the factual allegations in the Complaint.'" *Vidal*, 504 F.3d at 1087. *Vidal* explained that "to identify a conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain 'the critical phrase 'as charged in the information.'" *Id.* (citation omitted).

According to the panel here, Cabantac's amended abstract of judgment "indicates that he pleaded to count one of the complaint." Am. Op. at 14. And "that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." *Id.* at 15. But Cabantac's abstract of judgment does not say "as charged in the information"—what *Vidal*

---

[2] It appears that § 11377(a) is a divisible statute that permits the application of the modified categorical approach. I note, however, that our court has not yet considered the impact of *Descamps* on our prior analysis of § 11377(a).

CABANTAC V. HOLDER 7

called "the critical phrase," 504 F.3d at 1087. There is simply a box labeled "CNT." and in that box is the number "1."**[3]**

Both Vidal and Cabantac pled guilty to "Count 1." *Compare Vidal*, 504 F.3d at 1807 ("He pled guilty . . . only to 'Count 1 . . .'"); and *id.* at 1075 ("Vidal pled guilty . . . to Count One. . . .") *with* Appendix. The *Vidal* en banc panel held that reference to "Count 1" does not allow consideration of the allegations in the indictment. This panel holds the opposite.**[4]**

When we review district and immigration judges, we often require them to provide a reasoned explanation of how they reached their decision. *See, e.g.*, *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013) ("Show your work!"). However, the panel does not cite—let alone distinguish— *Vidal*, leaving us to guess how the two cases can be

---

**[3]** The amended abstract of judgment is attached as an appendix for reference.

**[4]** This difference cannot be explained by the fact that *Vidal* entered a plea pursuant to *People v. West*, 477 P.2d 409 (Cal. 1970), and therefore did "not admit factual guilt but [pled] to avoid a more serious punishment." *Loftis v. Almager*, 704 F.3d 645, 656 (9th Cir. 2012) (Tashima, J., dissenting, but writing for the majority in relevant part) (collecting cases). Here, the record indicates that Cabantac also pled guilty pursuant to *People v. West* and, therefore, did not admit factual guilt. But the panel asserts that such a plea only "makes sense" if the defendant pleads guilty to a state criminal offense "and not to a count in the indictment." Am. Op. at 16. We cannot so easily undo a plea made in state court. Vidal pled pursuant to *People v. West* despite the fact that the plea referenced "Count 1." *Vidal*, 504 F.3d at 1087. Like Vidal, Cabantac pled guilty pursuant to *People v. West*.

reconciled.[5]  I fear that the panel has created an intra-circuit split that will inevitably require an en banc panel to resolve. *See Atonio v. Wards Cove Packing Co.*, Inc., 810 F.2d 1477, 1479 (9th Cir. 1987) (holding that a panel faced with an intra-circuit split must call for en banc review, which will normally be granted).  I would have reheard this case en banc to avoid creating such a split in the first place.

This is not the first case to create confusion about the rule articulated in *Vidal*.  In *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012), the defendant pled guilty to violating California Health & Safety Code § 11378, which also criminalizes the possession of more substances than does federal law.  According to the panel, the record in that case, in contrast to *Vidal*, "unequivocally establish[ed]" that Valdavinos-Torres's crime involved methamphetamine, *id.* at 688, despite the fact that the only reference to methamphetamine was in the complaint, *id.*, and there is no indication that the plea contained the critical phrase "as charged in the indictment."

The *Valdavinos-Torres* panel also suggested that *Vidal* was no longer good law in light of *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc), which replaced the *Snellenberger* panel opinion that was cited in *Vidal* and held that a clerk's minute order can be considered in the modified categorical approach.  *Valdavinos-Torres*, 704 F.3d at 688–89.  Similarly, in *United States v. Leal-Vega*, 680 F.3d 1160, 1168 (9th Cir. 2012), the panel considered the impact of a guilty plea to "Count 1," found the *Snellenberger*

---

[5] The panel ordered the parties to be prepared to discuss *Vidal* at argument and received supplemental briefing on the issue from both parties, so it was aware of the case.

en banc opinion "to be directly on point," and declined to follow *Vidal*. It is possible that the *Snellenberger* en banc opinion overruled *Vidal*, but it remarkably fails to cite *Vidal* and it seems more likely that the two cases are consistent and addressed distinct issues. *Vidal* considered what language was necessary to allow consideration of allegations in a criminal complaint when applying the modified categorical approach. 504 F.3d at 1087. *Snellenberger* considered whether a minute order was a sufficiently reliable judicial document to warrant consideration under the modified categorical approach. 548 F.3d at 701–02. Snellenberger did not argue that even if the minute order was considered, it was insufficient to allow consideration of the complaint.

At best, our precedent in this area of the law can be called a mess. The lack of uniformity and clarity is particularly troubling because "changes to our immigration law have dramatically raised the stakes of a noncitizen's criminal conviction. The importance of accurate legal advice for noncitizens accused of crimes has never been more important." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480 (2010). Often, the immigration consequences of a plea agreement are "more important to the client than any potential jail sentence," *id.* at 1483 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 323 (2001)), but calculating those consequences can be difficult, *id.* By muddying the waters in this area of already confusing law, the panel makes this calculation even more difficult.[6] *See Padilla*, 130 S. Ct. at

---

[6] By making the immigration consequences of a plea agreement less clear, we increase the probability that counsel will not properly advise defendants, risking undoing plea agreements on the basis of ineffective assistance of counsel. *See Padilla*, 130 S. Ct. at 1486–87 (holding that counsel must inform a defendant if his plea agreement risks deportation).

1489 (Alito, J., concurring) (noting that advising criminal defendants is difficult because "the Ninth Circuit has conflicting opinions" relating to aggravated felonies) (quoting R. McWhirter, ABA, The Criminal Lawyer's Guide to Immigration Law: Questions and Answers § 5.35 (2d ed. 2006)). Based on the current state of the law in this circuit there is a real risk that criminal defendants will be deprived of the intended benefit of their plea, a prospect that "'would seem unfair.'" *Descamps*, 133 S. Ct. at 2289 (quoting *Taylor v. United States*, 495 U.S. 575, 601–02 (1990)).

This unfairness underscores my concern with this case and our development of this area of law generally. When a criminal defendant and prosecutor are negotiating a plea, it is important that they know the consequences of the decisions they make in crafting the plea agreement and other documents.[7] For example, if a defendant pleads guilty to an overbroad statute, his plea contains the phrase "Count 1," and "Count 1" of the complaint contains factual allegations that indicate that the charge is for a federally recognized controlled substance offense, does the plea represent a conviction for a controlled substance offense? If both parties know the answer they can negotiate accordingly. But even the most well advised defendant, negotiating a plea with the intention of avoiding adverse immigration consequences,

---

[7] It is not just criminal defendants that are served by clear and consistent rules regarding the immigration consequences of plea agreements. As the Supreme Court recently observed in *Padilla*, "informed consideration of possible deportation can only benefit both the State and noncitizen defendants during the plea–bargaining process. By bringing deportation consequences into this process, the defense and prosecution may well be able to reach agreements that better satisfy the interests of both parties." 130 S. Ct. at 1486. This consideration is made much more difficult when our precedent is conflicting.

could end up being deprived the benefit of that negotiation if we ignore our own precedent and change the rules of the game after it has already been played.

For this reason, the clarity and predictability of our cases is perhaps more important than the rules that they announce. If a majority of this court thinks that *Vidal* is wrong, the proper course is to go en banc and overrule it explicitly. The current approach of some panels, which is to distinguish *Vidal* beyond recognition, or to simply ignore it as this panel does, risks depriving criminal defendants who pled guilty in reliance on *Vidal* of the benefit of their plea. As it stands, *Vidal* is our own Schrödinger's cat: dead and alive at the same time.[8]

For these reasons, I dissent from the denial of rehearing en banc.

---

[8] Schrödinger's cat, originating in quantum physics, is a symbol of something that exists in two contradictory states at the same time. *See, e.g.*, *TKO Equip. Co. v. C & G Coal Co.*, Inc., 863 F.2d 541, 545 (7th Cir. 1988) (explaining Schrödinger's thought experiment and observing that unlike Schrödinger's cat, an agreement cannot be both a sale and a lease at the same time); *Montana Cannabis Indus. Ass'n v. State*, 286 P.3d 1161, 1170 (Mont. 2012) (observing that unlike Schrödinger's cat, "marijuana possession and distribution cannot simultaneously be both lawful and unlawful").

**OPINION**

PER CURIAM:

Randy Cabantac, a native and citizen of the Philippines, petitions for review from an order by the Board of Immigration Appeals ("BIA") affirming an order of removal by the Immigration Judge ("IJ"). The IJ found Cabantac removable for having been convicted of possession of a controlled substance, methamphetamine, in violation of California Health & Safety Code § 11377(a).

We review de novo the legal question of whether Cabantac was convicted of a controlled substances offense. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 n.2 (9th Cir. 2007). We deny the petition.

The Notice to Appear alleges that Cabantac was subject to removal for possession of a controlled substance as defined in 21 U.S.C. § 802. *See* 8 U.S.C. § 1227(a)(2)(B)(i). We must decide whether the documents of conviction establish by clear and convincing evidence that Cabantac was convicted of possessing methamphetamine, or whether they show he pleaded guilty only to possession of a controlled substance generally. The difference is important because not all substances punishable under California Health & Safety Code § 11377(a) are defined in 21 U.S.C. § 802. Methamphetamine, however, is. *See* 21 U.S.C. §§ 802(6), 812(a)(3) sched. III.

The record contains three documents of conviction: the complaint, the plea colloquy and the abstract of judgment. The BIA, in affirming the order of removal, found the abstract of judgment sufficient to establish that Cabantac

engaged in conduct that qualifies as a controlled substance offense. *See also Kwong v. Holder*, 671 F.3d 872, 879–80 (9th Cir. 2011). At the time the BIA reviewed his case, the abstract indicated that Cabantac pleaded guilty to "POSSESSION OF METHAMPHETAMINE."

Cabantac now contends that he never admitted to the type of drug in his possession, but instead pleaded guilty only to possession of a controlled substance in violation of California Health & Safety Code § 11377(a). Because this statute embraces some conduct that qualifies as a controlled substance offense and some conduct that does not, *see Ruiz-Vidal*, 473 F.3d at 1078, Cabantac asserts that the government has not shown by clear and convincing evidence that he's removable for having been convicted of a controlled substance offense. If Cabantac in fact pleaded only to the generalized offense, he should've asked the state court to amend the abstract of judgment at an earlier stage of the proceedings. *See United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) ("A defendant can always check the case file and ensure that any materials placed there accurately reflect the proceedings; presumably, doing so is part of every criminal defense lawyer's professional obligation."). It was not until this court suggested it during oral argument that Cabantac made such a request to the state court. The amended abstract, issued by the state court in September 2011, shows he pleaded guilty to "POSSESSION OF A CONTROLLED SUBSTANCE."

Cabantac at that point asked the BIA to reopen his case sua sponte in the interest of justice. The agency refused, finding his motion untimely by more than two years. The BIA reasoned that Cabantac had been represented by counsel throughout the proceedings and could've secured the

amended abstract while his case stood before the immigration judge. Cabantac appealed the BIA's denial and moved to consolidate that case, No. 12-71459, with the instant appeal from the order of removal. We grant his motion to consolidate, and at the same time dismiss his appeal from the BIA's refusal to reopen his case sua sponte. This court does not have jurisdiction to review such a decision, which is a matter committed to agency discretion. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011); 8 C.F.R. § 1003.2(a).

Cabantac also brings a motion to remand so that the BIA might consider the amended abstract, which we also deny. In refusing to reopen his case, the BIA noted that documents of conviction other than the abstract, including the plea colloquy and complaint, identify the drug in Cabantac's possession as methamphetamine. Although the agency previously found the abstract sufficient to sustain the removal order, this statement shows that the BIA considered the record as a whole in concluding that Cabantac is removable for having been convicted of possession of a controlled substance. Remand is unlikely to alter that conclusion and would serve only to create delay.

The amended abstract is not properly before this court because it was not part of the administrative record on which the order of removal is based. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). However, it bears emphasizing that even the amended abstract does not necessarily establish that Cabantac pleaded guilty only to the general state offense. The document indicates that he pleaded to count one of the complaint, and that count in turn states that he possessed

methamphetamine in violation of California Health & Safety Code § 11377(a).

Cabantac questions whether we can consider the facts alleged in the complaint. We hold that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count. We derive this rule from *Snellenberger*, in which the court read a minute order in tandem with a complaint to conclude that the defendant's conduct fit within the federal definition of a crime of violence. *See* 548 F.3d at 701–02. The minute order specified that the defendant pleaded guilty to a specific count of the complaint, and that count in turn described conduct amounting to a crime of violence. *See id.* at 701. We conclude, similarly, that the abstract of judgment and the complaint together establish that Cabantac pleaded guilty to possession of methamphetamine.

Cabantac cites to *Ruiz-Vidal*, in which we held the charging document and abstract insufficient to establish that the controlled substance underlying the conviction was methamphetamine. *See* 473 F.3d at 1079. That case, however, is distinguishable on its facts. The information in *Ruiz-Vidal* identified the drug at issue as methamphetamine, but the defendant did not plead guilty to either of the crimes charged in that document; he pleaded instead to violating California Health & Safety Code § 11377(a). *Id*. Because the record contained no plea agreement or colloquy that revealed the facts underlying the plea, the court concluded that "there is simply no way for us to connect the references to methamphetamine in the charging document with the conviction." *Id.* Similarly, in *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005), *withdrawing and*

*amending* 393 F.3d 1018 (9th Cir. 2004), the defendant pleaded guilty to a different offense from the one charged in the information. Thus, the facts given in the information could not be used to establish that his conduct amounted to an aggravated felony.

In contrast to the defendants in *Ruiz-Vidal* and *Martinez-Perez*, Cabantac confirmed three times during his plea colloquy that he was pleading guilty to count one of the complaint. Count one specified that the substance Cabantac possessed was methamphetamine.

Cabantac contends that his conviction cannot support the finding that he was convicted of a controlled substance offense because, under *People v. West*, 477 P.2d 409 (Cal. 1970), a guilty plea to an offense does not necessarily mean the defendant admitted all the facts alleged in the indictment. Where a defendant pleads guilty to a state offense that is broader than the generic federal crime as in *Ruiz-Vidal*, and not to a count in the indictment as Cabantac did here, Cabantac's argument makes sense. But here the record is clear that Cabantac pleaded guilty to possession of methamphetamine, a controlled substance offense that supports the order of removal.

**PETITION DENIED.**

**APPENDIX**

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | FRESNO |
|---|---|

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: RANDY PENARANDA CABANTAC | DOB: 9-9-78 | CASE NUMBER F03900933-3 |
|---|---|---|
| AKA: | | |
| CII#: | | |
| BOOKING #: 0701192 | ☐ NOT PRESENT | |

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | 1ST | ☒ AMENDED ABSTRACT | | |
|---|---|---|---|---|
| DATE OF HEARING 2-14-07 | DEPT. NO. 32 | JUDGE DAVID GOTTLIEB | | |
| CLERK D. WADE | REPORTER L. OFTEDAL | PROBATION NO. OR PROBATION OFFICER | | ☐ IMMEDIATE SENTENCING |
| COUNSEL FOR PEOPLE J. KELLEY | | COUNSEL FOR DEFENDANT J. MISSIRILIAN | | ☐ APPTD |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | TERM (S, M, U) | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11377(a) | POSSESSION OF A CONTROLLED SUBSTANCE | 2003 | 2-28-03 | | | X | L | 1 | 4 |

1. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |

3. ☐ Defendant sentenced per: ☐ PC 667(b)-(i) or PC 1170.12 (two-strikes) ☐ PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed (Paper Commitment) Defendant was ordered to report to local Parole Office upon release.

4. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments): ☒ Court Security Fee of $20 per PC 1465.8.
Restitution Fine(s): $200 per PC 1202.4(b) forthwith per PC 2085.5; $200 per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.
Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
☐ Victim name(s) if known and amount breakdown in item 8 below. *☐ Victim name(s) in probation officer's report.
Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☒ Includes: ☒ $50 Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense.

5. TESTING: a. ☐ Compliance with PC 296 verified b. ☒ DNA per PC 296 c. ☐ AIDS per PC 1202.1 d. ☐ other *(specify):* ____

7. IMMEDIATE SENTENCING: ☐ Probation to prepare and submit a post-sentence report to CDCR per PC 1203(c). Def't's Race/National Origin HISPANIC

8. Other orders *(specify):* REGISTER HS11590

9. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: 1 4

10. ☐ This sentence is to run concurrent with *(specify):*

11. Execution of sentence imposed: a. ☐ at initial sentencing hearing. b. ☐ at resentencing per decision on appeal. c. ☒ after revocation of probation. d. ☐ at resentencing per recall of commitment. (PC 1170(d).) e. ☐ other *(specify):*

| 12. | DATE SENTENCE PRONOUNCED 2-14-07 | CREDIT FOR TIME SPENT IN CUSTODY TOTAL DAYS: 355 | ACTUAL LOCAL TIME 177 | LOCAL CONDUCT CREDITS 88+90 | ☒ 4019 ☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: DMH [ ] | CDC [ ] | CRC [ ] |
|---|---|---|---|---|---|---|---|---|

13. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☒ Other *(specify):* CDC WASCO

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE A. NORIEGA | *signature* | DATE 09-23-11 |
|---|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 (Rev. January 1, 2007)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code
§§ 1170, 1213, 1213.5